In the matter of the estate of FREDERICK J. HARRALL, a lunatic.

The wife of a lunatic who had an ample estate applied for an order requiring his guardian to redeem for her benefit certain separate property of hers (jewels &c.) pawned, with her consent, by her husband while sane, to pay his personal expenses, and the proceeds of the loan were so applied.—*Held*, that she was entitled to relief, and that her husband, under the circumstances, is bound, in equity, to redeem the property.

---

Harrall's Case.

---

On petition of the wife of the lunatic for an order direct-ing his guardian to pay to her the money necessary to redeem certain personal property which she claims as hers, being silver-plate and personal ornaments, pawned by him in Paris, and still remaining in pledge there

*Messrs. Linn & Babbett*, for the petitioner.

*Mr. F. McGee, contra.*

THE CHANCELLOR.

It appears, by the testimony, that the property was, with the wife's consent, pledged by her husband, while they were living together in Paris, to raise money. On the orna-ments four hundred and seventy-five francs were so obtained, and on the plate one hundred and forty. Of the ornaments, part were purchased by the wife, with money given to her by her husband for the purpose, and the rest were bought with her own money, before marriage. The plate was bought with the husband's money. The peti-tioner does not claim that it was presented by him to her. The petitioner's claim to the relief for which she applies rests on the ground that her husband, having pledged her separate property for his own benefit, is bound (his estate is ample) to redeem; and she is right. *Graham* v. *London-derry, 3 Atk. 393; Vreeland* v. *Vreeland's adm'r, 1 C. E. Gr. 512.* There is no evidence or presumption that the plate was her property, but, under the circumstances, the pre-sumption is that it was the property of her husband. *Bishop's Law of Mar. Wom.* § *228.* The money raised on her ornaments was, according to the evidence, applied to her husband's use. Part of it was used to pay a tailor's bill, part to buy clothing for him, and the rest to pay his

---

NOTE.—As to the relative rights of a creditor and husband and wife in the wife's goods pledged by the husband to secure his own debt, since the married women's acts, see *Robertson* v. *Wilcox, 36 Conn. 426; Van Arsdale* v. *Joiner, 44 Ga. 173; Merrill* v. *Parker, 112 Mass. 250.*—REP.

household expenses. The claim of the petitioner is opposed by the guardian, and is litigated, also, on behalf of the lunatic's brother and sister. He has no parents or children.

The wife is entitled to have the paraphernalia redeemed, but not the plate.